Chief Justice Robertson
delivered the opinion of the Court.
Fortuwatus Cosby sold and conveyed to William Lytle, some real estate, which he owned' at Louisville.
At Cosby’s request, Lytle executed to Thomas Prather, in trust for Cosby and bis family, his notes for $30,000, the entire consideration of the estate.
Cosby made a deed of trust to Prather, Vernon and others, transferring to them the $30,000, in trust inter alia, for the benefit of himself and family, the interest, to be appropriated to the maintenance and use of his family, and himself, during their lives.
Hugh Ferguson having- obtained a judgment •against Cosby, for about $111, on a note executed since the date of the deed of trust, and caused a fieri facias to issue for enforcing it, on which the sheriff returned “no property,” filed his bill in chancery against Cosby and bis family, and trustees, for subjecting the trust estate of Cosby’s interest in it, to the satisfaction of the judgment. The bill charges that the deed was made with the intent to defraud the creditors of Cosby, and prays that, either the conveyance be set aside or the interest of Coshy, in the benefits intended to be secured by it to himself, be subjected to the payment of the judgment.
The answers deny the imputed fraud, and insists that the deed of trust was made bona fule, and with the best and purest motives, and is, therefore, valid.
The circuit court on the hearing, decreed that the surviving trustee, Vernon, pay to Ferguson, the amount of his judgment against Cosby, with its incidental interest and costs.
To reverse this decree, this appeal is prosecuted.
Whatever may have been the object of the deed of trust or the motives which induced Cosby to make it, there is nothing in the record in this cause, which should invalidate .it as fraudulent.
Interest of cestui que trust, in trust estate, consisting entirely of choses in action, not liable to execution. But chancellor may decree sale of his interest in such estate, under act of ’21, subjecting choses in action (o payment of debts.
Ri^ht of res-tutque trust, trust estate, is such valua-aa will Sub- ’ ject it to payment of <lebt9
But if the deed be unassailable, the interest which secures (o Cosby, is, nevertheless, liable to the claims of his creditors.
By the act of 1797,1. Digest, 315, section 13, it is enacted that “Estates of every kind, holden or possessed in trust, shall be subject to the like debts and charges of the persons to whose use or for whose bene-tit they wore or shall be respectively holden or possessed, as they would have been subject to, if those persons had owned the like interest in the things hol-den or possessed, as they own or shall own in the uses or trusts thereof.”
If, therefore, the property conveyed in trust, had been such as would be liable to execution, Cosby’s interest in the trust or use, might have been levied on and sold, without the decree of the chancellor. But as the fund confided to the trustees is money, or a chose in action, the power of a common law court could not reach it; and, therefore, Cosby’s interest in the trust would have been intangible by his creditors, if the act of 1821 had not subjected equitable interests and choses in action, to the payment of debts. By the 6th section of that act, ihe chancellor is empowered to subject, “any choses in action belonging to the debtor, and also any equitable or legal interest in any estate, real, personal or mixed, which the debtor may be entitled to.”
By the operation of this act, the interest' of Cosby in this case, is made liable in chancery, to the payment of his debts. His interest is beneficial and valuable. His maintenance, (if this be the only interest,) must require an annual, or perhaps daily appropriation by the trustee, of a portion of the trust fund. To that extent, certainly Cosby has an interest in the trust property, and his creditors are, in equity, entitled to it, or so much of it as may be sufficient to satisfy their just demands on him. Whether lie has any other Or greater interest, is not necessary now to determine.
The decree of the circuit court was, therefore, right in principle.» But it was incautious and premature. It subjects the trustee to the payment of the ‘ *266 debt due’to Ferguson, when it was not ascertained whether he had in his hands a sufficient amount of Cosby’s unexpended interest, to enable him to satisfy the'decree, without encroaching on the interests of -Cosby’s family.
If trust estate consist of chotes in action, and ces-tui que trust, only entitled to-maintenance, chancellor should ascertain annual value of his interest, and decree trustee to pay debt of cestui que trust when sufficient funds home to
The annual value of Cosby’s interest had not been ascertained; and as-his maintenance may require -daily expenditures by the trustee, no portion of the amount^ necessary for his support, may have been un-expended, at the date of the decree, -if so, and he T-"had died the day succeeding that on which the decree was rendered, there'would have been nothing in the ■ hands of the trustee, which could be applied to the satisfaction of the decree; and, consequently, in (hat event, the trustee must have paid the amount decreed against him, with his own-funds, or with those belong"ing'to Cosby’s family.
It would have been proper, therefore, to have ascertained the annual value of Cosby’s interest, and then have decreed prospectively, that the trustee should pay Ferguson’s debt as soon as the amount in his hands, subject to the decree, should be sufficient; unless it had been ascertained that the trustee had a sufficient■amount at the time of fhedecree; in which event, it would have been proper to decree as the court did. Or the court, after ascertaining the annual value of Cosby’s interest, might have decreed the sale of it in gross, to satisfy the execution of Fer» guson.
The principal-fund is not liable to the demands of Cosby’s creditors, unless, as to them, the deed of trust be fraudulent.
The annual or periodical value of Cosby’s interest in the trust, may be-subjected, as it shall accrue, to the payment of his debts. But as the amount necessary for his maintenance for one year, will have been expended at the expiration of the year, or that which shall be necessary for the same purpose for any other period, will have been appropriated at the close of the period, unless it had been injoined by order of the court, or could be construed as held up by a Us pendens. When the court pronounce its decree, *267 there will be nothing in the possession of the trustee, subject to the decree,.or if there be,it cannot be judicially known that the amount will be sufficient.
Decree against trus-out having ascertained whether he has sufficient trust estate, in hand to do il> error.
Denny, Widdiffe and Woolley, forappellants; Hoggin? for appellee.
Before a decree should be rendered, therefore, for the payment of any specified sum, by the trustee, without qualification as to time, it should be ascer-t-ained, that an amount sufficient to satisfy the decre is in his hands.,
As, therefore, the decree directed the trustee to pay the amount of Ferguson’s debt, without any evidence that funds for Cosby’s use, sufficient to pay the debt were, .at the date of the decree, .in the hands .of ■the trustee, the circuit court erred.
Wherefore, for this error alone, the decree is reversed, and the cause remanded, for proceedings consistent with this opinion.